CHARLES P. SMITH, State Treasurer
In your letter of January 6, 1972, you have asked for my opinion as to whether you can properly approve payment for salaries of state constitutional officers prior to the time that the services of these officers have been rendered to the state of Wisconsin.
Section 16.53 (1) (b), Stats., provides:
"Preaudit procedure. The department of administration shall preaudit claims in accordance with the following procedures:
"(1) CLAIMS AGAINST STATE.
"* * *
"(b) Payrolls. Payrolls, to be entitled to audit, shall be certified by the proper officers who shall set forth the nature of the services rendered by each person named therein." (Emphasis supplied) *Page 10 
Implicit in this particular wording is a sound public policy that the payment shall be made after services have been rendered. This, of course, is consistent with the manner in which other government employes are reimbursed for services. I am not aware of any reason for paying constitutional officers any differently than other state employes.
Article VI, sec. 3, Wis. Const., provides that the powers, duties and compensation of the treasurer shall be prescribed by law.
Section 14.58, Stats., sets forth the duties of the state treasurer. In particular, sec. 14.58 (4), Stats., provides in part that the state treasurer shall: "Pay out of the treasury, on demand, upon the warrants of the department of administration and not otherwise such sums only as are authorized by law to be sopaid. . . ." (Emphasis supplied) See State ex rel. Reynolds v.Smith (1963), 19 Wis.2d 577, 583, 120 N.W.2d 664.
Accordingly, since it is my opinion that the payment for salaries of state constitutional officers prior to the time that the services of these officers have been rendered to the state of Wisconsin is not authorized by law it is my further opinion that you cannot properly approve payment for same.
RWW:APH